IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES E. FRANKLIN**, **SR.,**

**Plaintiff,**

v.  No. 14-0015-DRH

**METRO EAST SANITARY DISTRICT,**
**CYNTH WORTHEN, CARRIE UNKNOWN**
**PARTY,**

**Defendants.**

## ORDER

**HERNDON, Chief Judge:**

On January 8, 2014, Charles E. Franklin, Sr., filed a complaint against Metro East Sanitary District, Cynth Worthen and Carrie Unknown Party (Doc. 1). Now before the Court is Franklin's motion to proceed in forma pauperis[1]; motion for recruitment of counsel (Doc. 2); and motion for service of process at government expense (Doc. 3). Based on the following, the Court denies without prejudice these motions.

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some

---

[1] On page 2 of his motion for recruitment of counsel form, Franklin states that he did file a motion to proceed in forma pauperis. A review of the documents submitted by Franklin indicates that he did not file such a motion. Despite this failure the Court will proceed as if he had.

respect for all indigent litigants." *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997). Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

After reading Franklin's pleadings, the Court cannot determine whether he is indigent as he has not filed the proper motion and affidavit. Further, at this point the Court cannot determine exactly what Franklin's claims are. While the first page of the complaint states that Franklin is bringing this lawsuit based on discrimination, a review of the complaint reveals that the allegations do not state a claim of discrimination that would provide this Court with subject matter jurisdiction. The allegations in the complaint appear to arise out of a billing dispute regarding Franklin's sewer bill that occurred on December 6, 2013. Clearly, these allegations do not support a discrimination claim. His complaint is "light" on the details of the actual claim. Thus, the Court denies Franklin's motion to proceed in forma pauperis at this time. Thus, the Court **ALLOWS** Franklin up to and including February 10, 2014 to file an amended complaint detailing facts that state his claims against defendants.

As to Franklin's motion for appointment of counsel, the Court finds that he has not demonstrated under Seventh Circuit standards that he is entitled to

appointed counsel at this time. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321- 22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Based on the pleadings, the Court is unable to determine whether Franklin made a reasonable attempt to obtain counsel. Franklin does not state which lawyers he has contacted or how he went about trying to find a lawyer. He merely answers "Pending" to Question # 2 on the motion for recruitment of counsel that he filed. The Court notes that there is not a bright line test for compliance with this requirement. For example, calling a law office without having a meaningful

discussion about the case does not qualify as an attempt to hire counsel on one's own in this Court's interpretation of the requirement.

Accordingly, the Court **DENIES without prejudice** Franklin's motions (Docs. 2 & 3).  He may re-file these motions at a later date, if necessary.  The Court **ALLOWS** Franklin up to and including February 10, 2014 to file an amended complaint detailing the facts of his claims.   Failure to comply with this Order shall result in the Court dismissing his case for failure to prosecute.

**IT IS SO ORDERED.**

Signed this 10th day of January, 2014.

David R. Herndon
2014.01.10
03:15:53 -06'00'

**Chief Judge**
**United States District Court**