IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES E. FRANKLIN**, **SR.**,

**Plaintiff,**

v.   No. 14-0015-DRH

**METRO EAST SANITARY DISTRICT,**
**CYNTH WORTHEN, CARRIE UNKNOWN**
**PARTY,**

**Defendants.**

## ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court for case management. On January 8, 2014, Charles E. Franklin, Sr., filed a complaint against Metro East Sanitary District, Cynth Worthen and Carrie Unknown Party (Doc. 1). On January 10, 2014, the Court directed Franklin to file an amended complaint on or before February 10, 2014 because of the scant allegations in his complaint (Doc. 5). The Court also informed Franklin of the following: "[f]ailure to comply with this Order shall result in the Court dismissing his case for failure to prosecute." (Doc. 5, p. 4).

As Franklin did not file an amended complaint, the Court, on March 24, 2014, issued another Order warning Franklin that if he did not file an amended complaint on or before April 14, 2014 his case would be dismissed (Doc. 7). As of this date, Franklin has neither filed an amended complaint nor filed an extension of time. Thus, the Court finds that dismissal is warranted. The Seventh Circuit

Court of Appeals has found:

> A party's willful failure to prosecute an action can be an appropriate basis for dismissal. *See, e.g., Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018 (7th Cir. 2000); *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because „[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." " *GCIU Employer Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1198–99 (7th Cir. 1993)(quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986)). Factors relevant to a court's decision to dismiss for failure to prosecute include the seriousness of the misconduct, the potential for prejudice to the defendant, and the possible merit of the suit. *Bolt*, 227 F.3d at 856; *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 769–70 (7th Cir. 1997).

*In re Nora*, 417 Fed.Appx. 573, 575 (7th Cir. 2011).

Accordingly, the Court **DISMISSES without prejudice** Franklin's cause of action for failure to prosecute. The Court closes the file.

**IT IS SO ORDERED.**

Signed this 26th day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.26 09:19:37 -05'00'

**Chief Judge**
**United States District Court**